IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON EUGENE INGRAM,

          Plaintiff,

   v.                                     OPINION and ORDER

FCI ADMINISTRATOR M. LAUFENBERG,             19-cv-430-jdp
RN CASSIDY, and WARDEN MATTHEW MARSKE,

          Defendants.

---

Pro se plaintiff Milton Eugene Ingram alleges that he was injured after officials at the Federal Correctional Institution (FCI) in Oxford, Wisconsin refused to fill his prescription for a medication he needed in connection with his surgery recovery. I granted him leave to proceed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on Eighth Amendment medical care claims against three defendants, including Melissa Laufenberg, the former health services administrator at FCI. Laufenberg moves to dismiss the claim against her for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that she has absolute immunity from *Bivens* claims under the Public Health Service Act, 42 U.S.C. § 233(a). Dkt. 19.

Laufenberg is a commissioned officer of the United States Public Health Service. Under 42 U.S.C. § 233(a), United States Public Health Service officers and employees acting within the scope of their employment "are not personally subject to *Bivens* actions for harms arising out of such conduct." *Hui v. Castaneda*, 559 U.S. 799, 802 (2010). The sole remedy for a plaintiff alleging harm by any such officer acting within the scope of his or her employment is a claim against the United States under the Federal Tort Claims Act. *Id.* In this instance, Laufenberg has submitted evidence that she was acting within the scope of her duties when she

took the actions about which Ingram complains. *See* Dkt. 22, ¶¶ 3, 4 (noting that Laufenberg was detailed to FCI "for purposes of providing administrative oversight of the Health Services Department" and was therefore "acting within the scope of her USPHS employment" when she interacted with Ingram). I may consider this evidence in considering a motion a motion to dismiss on jurisdictional grounds. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 752 F.3d 440, 444 (7th Cir. 2009). And Ingram does not dispute that Laufenberg was acting within the scope of her USPS employment. So I will grant Laufenberg's motion to dismiss Ingram's *Bivens* claim against her. The case will proceed against defendants Cassidy and Marske only.

ORDER

IT IS ORDERED that defendant Melissa Laufenberg's motion to dismiss, Dkt. 19, is GRANTED. Laufenberg is DISMISSED from this case.

Entered March 6, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge